**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4145**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICK FITZGERALD SMITH,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:21-cr-00090-RJC-DSC-1)

---

Submitted:  November 21, 2023                    Decided:  November 27, 2023

---

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  D. Baker McIntyre III, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Fitzgerald Smith pled guilty to two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a).   The district court sentenced Smith to 64 months' imprisonment and two years of supervised release.   On appeal, Smith challenges the district court's application of the stolen firearm enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(4)(A) (2018).  Finding no error, we affirm.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Id.* at 51.  "In reviewing whether a sentencing court properly calculated the Guidelines range, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018).  "We will conclude that the ruling of the district court is clearly erroneous only when, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013) (internal quotation marks omitted).  "[W]e afford great deference to a district judge's credibility determinations and how the court may choose to weigh the evidence." *United States v. Williamson*, 953 F.3d 264, 273 (4th Cir. 2020) (internal quotation marks omitted).  Moreover, the district court is entitled to "give weight to any relevant information before it . . . provided that the information has sufficient indicia of reliability to support its accuracy." *Id.* (internal quotation marks omitted).   The

2

Government bears the burden of demonstrating that a sentencing enhancement should be applied, and the court must find that the enhancement applies by a preponderance of the evidence. *Steffen*, 741 F.3d at 414-15.

Under the Guidelines, a district court should apply a two-level upward adjustment in offense level if the defendant unlawfully possessed a stolen firearm. USSG § 2K2.1(b)(4)(A). This enhancement applies "regardless of whether the defendant knew or had reason to believe that the firearm was stolen." USSG § 2K2.1 cmt. n.8(B); *see United States v. Taylor*, 659 F.3d 339, 344 (4th Cir. 2011). Here, Smith argues that there was insufficient evidence that the guns he possessed were stolen. However, the owner of one of the firearms testified at sentencing that her gun was indeed stolen, and the district court found the gun owner's testimony credible. After reviewing the materials submitted in the joint appendix and the parties' briefs, we conclude that the district court did not err in applying the stolen firearm enhancement.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*